**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

**vs.**                                    **CASE NO.  4:24-CV-00017-WS-MAF**

**IRS DEP'T OF TREASURY,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Wright, III, a prisoner proceeding *pro se*, initiated a civil rights complaint against the Internal Revenue Service (IRS) followed by an amended complaint naming various persons, "Federal Officials of the IRS," and "Attorney-General or Counsel." ECF Nos. 1, 9. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's initial complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and construed Plaintiff's allegations liberally. ECF No. 3; see Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies and if he did not file an IPF motion or pay the filing fee by **February 16, 2024**. ECF No. 3. Plaintiff did not do so. See ECF Nos. 3, 5, 8,

12. For the reasons stated, it is recommended that the amended complaint be dismissed and the case be closed.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of

Case No. 4:24-cv-00017-WS-MAF

facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II. Procedural History

Plaintiff initiated this case with a handwritten complaint, but it was not on the proper form. ECF No. 1. The Court found the complaint legally insufficient and ordered Plaintiff to amend by February 16, 2024, and provided him with the proper form. ECF No. 3. Plaintiff submitted a filing entitled "The Eighth Amendment, Amended Complaint, ECF No. 4, but the Court struck the filing as improper. ECF No. 5. The "amended complaint" was, again, not on the proper form and contained other deficiencies. ECF No. 4. Plaintiff later filed two more improper pleadings, which were stricken

Case No. 4:24-cv-00017-WS-MAF

by the Court. See ECF Nos. 6, 7, 8. Plaintiff filed the instant "amended complaint," followed by a request for the appointment of counsel, and a certificate of appealability. ECF Nos. 9, 10, 11. The Court found that the filings did not comply with the Rules, but, nonetheless, denied Plaintiff's motion for counsel and his certificate of appealability. ECF No. 12.

### III. Plaintiff's Amended Complaint, ECF No. 9.

Plaintiff's amended complaint is no model of clarity. ECF No. 9. On the cover page of the complaint form, Plaintiff listed the Defendants as "Amendment Complaint Stricken, Attorney- General or Counsel, Federal Officials of the IRS Sued, . . . See Wright v. The IRS." Id., p. 1. Then, in Section I(B), Plaintiff listed the Defendants as follows:

1. "S.C. McHenry et al, . . . sued in individual capacity";

2. "Elizabeth R. Donovon, . . . sued in individual capacity"; and

3. "Mr. Young, . . . sued in individual capacity."

Id., pp. 2-3. Notably, for each of these "named" defendants, Plaintiff already has a separate case pending. These persons are employees of the IRS. However, this is not the proper way to name defendants in a lawsuit. The names of the individuals on the cover page should be the same as those listed in Section I(B). Moreover, the fact that Plaintiff has cases pending against McHenry, Donovan, and Young suggests that this particular

Case No. 4:24-cv-00017-WS-MAF

amended complaint now duplicates his efforts to sue them. Id. In the statement of facts, Plaintiff does not attribute any acts or omissions to McHenry, Donovan, or Young. Id., pp. 5-6. Plaintiff seeks the appointment of counsel and claims he did not receive the full amount of the $3,200 from the IRS for their "EIP Covid-19 Rebate Recovery payment." Id., p. 5. Plaintiff claims that he receives mail from the IRS in the form of vouchers "that are suppose[d] to help [him] fight each case." Id. Plaintiff alleges that he was fined $5,000 by the IRS because he "was p[e]rsuaded" into completing 1040 tax forms every 60 days. Id., p. 6. Plaintiff maintains he has difficulty completing forms and is indigent; therefore, he should have an appointed attorney. Id. He believes, albeit incorrectly, that the Court's prior orders would pay for an appointed attorney. Id., p. 7. Plaintiff alleges violations of the Eighth-, Fifth-, and Fourth Amendments without providing sufficient facts.

In Section VIII, Prior Litigation, on the complaint form, Plaintiff stated that he had no other cases in state- or federal court dealing with the same facts or issues involved in this case. Id., p. 10. Not so. Plaintiff has at least three other cases pending in this Court: N.D. Fla. Nos. 4:24-cv-00006-MW-MAF, Wright v. McHenry, et al.; 4:24-cv-00011-AW-MAF, Wright v. Donovan; and 4:24-cv-00060-WS-MAF, Wright v. Young. This failure to be transparent regarding his litigation history is sufficient reason by itself to dismiss the case.

Case No. 4:24-cv-00017-WS-MAF

IV. Discussion

Plaintiff had multiple opportunities to amend his complaint to correct the deficiencies this Court identified, but he did not do so. Each deficiency is discussed below.

A. Plaintiff's Complaint is Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for

shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is a shotgun pleading because he does not properly attribute any acts or omissions to the named Defendants. ECF No. 9. Plaintiff states conclusory, vague, and immaterial facts that are

insufficient to state a constitutional claim. Id., pp. 5-6. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Plaintiff fails to plead any facts that substantiate his vague proclamations of the Constitution being violated. Therefore, Plaintiff's complaint is subject to dismissal.

Plaintiff had multiple opportunities to amend his complaint but did not. Instead, he submitted several other filings, along with this "amended complaint," which absolutely failed to cure any of the deficiencies.

B. Plaintiff's Affirmative Misrepresentations

Plaintiff's *pro se* status does not excuse him from conforming to the Rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

"Section VIII, Prior Litigation" provides the following warning:

> **This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.**

Case No. 4:24-cv-00017-WS-MAF

ECF No. 9, p. 8. Question B states, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" ECF No. 9, p. 10. Plaintiff answered, "No." Id. That is false. As stated above, Plaintiff filed lawsuits against McHenry, Donovan, and Young bringing similar allegations; and those cases were initiated *before* Plaintiff filed this amended complaint. Plaintiff disclosed only one federal case in his amended complaint. ECF No. 9, p. 11. Plaintiff knows he filed numerous cases in this Court. In fact, Plaintiff submitted filings (in this case and others) which contained a list of case numbers because he intended that one filing would serve the same purpose in multiple cases. See ECF Nos. 6, 7.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. This is particularly true with *this Plaintiff* given his way of proceeding here despite numerous orders from the Court in his cases. If word spread around the prisons that the complaint form could be circumvented in such a manner, the Court might be confronted with

Case No. 4:24-cv-00017-WS-MAF

widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Case No.  4:24-cv-00017-WS-MAF

### C. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 3. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. Id. Contrary to Plaintiff's assertions, there are absolutely no IRS "vouchers" or court orders that have a monetary value which could be used to pay the filing fee in this case. In fact, the assertion is preposterous. Even if Plaintiff is indigent, the Court advised Plaintiff that he could alternatively file a proper IFP application along with the requisite inmate account statements so that the Court could determine if he qualified to proceed with IFP status. ECF Nos. 3, 5. Instead, Plaintiff filed several improper filings, which the Court struck. The Court warned that without a proper IFP application or payment of the filing fee, the case would not proceed and would be subject to dismissal. ECF No. 3.

Case No. 4:24-cv-00017-WS-MAF

D. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until **February 16, 2024**, to file an IFP motion or pay the $405 filing fee but, as of the date of the drafting of this Report, he has not done so. Plaintiff continued to file improper documents and did not truthfully disclose his litigation history in the amended complaint.

Case No.  4:24-cv-00017-WS-MAF

<u>See</u> ECF Nos. 4, 6, 7, 9, 11. Such defiance to this Court's order need not be tolerated.[1] <u>Id.</u> Dismissal is appropriate.

## V. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim because the complaint is a shotgun pleading, as malicious, and for failing to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. <u>See</u> also <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). The dismissal should count as a "strike" pursuant to either 28 U.S.C. § 1915(e)((2)(B)(i) or (ii). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 8th day of March, 2024.

s/ Martin A. Fitzpatrick<br>
**MARTIN A. FITZPATRICK**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Notably, the Court also provided Plaintiff with advisements on the proper course of proceeding in federal cases in its orders in other pending cases. The Court will not list all of Plaintiff's cases because it is his responsibility to disclose them in an amended complaint.

Case No. 4:24-cv-00017-WS-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).